**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **SHELLEY L. FREEMAN,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**MICHAEL J. ASTRUE,** )<br>**Commissioner, Social Security** )<br>**Administration,** )<br>)<br>**Defendant.** ) | Case No. CIV-10-349-F |

## REPORT AND RECOMMENDATION

Shelley L. Freeman ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405 (g) seeking judicial review of Defendant Commissioner's final decision denying Plaintiff's application for disability insurance benefits under the Social Security Act. This matter has been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Upon review of the pleadings, the record ("Tr.") and the parties' briefs, the undersigned recommends that the Commissioner's decision be affirmed.

**Administrative Proceedings**

Plaintiff initiated these proceedings by protectively filing her application seeking disability insurance benefits in August, 2008 [Tr. 102 - 104 and 130].[1] She alleged that back problems, restless leg syndrome, leg numbness, hip pain, neck pain, arm/hand numbness, and

---

[1] The record also contains Plaintiff's application seeking supplemental security income payments[97-99]; no subsequent reference is made to this application. Because the filing has no bearing on the outcome of Plaintiff's appeal, it will not be addressed in this report.

constant headaches became disabling as of October 1, 2004 [Tr. 123]. Plaintiff's claim was denied and, at her request, an Administrative Law Judge ("ALJ") conducted a September, 2009 hearing where Plaintiff, who was represented by counsel, and a vocational expert testified [Tr. 41 - 56]. In his November, 2009 decision, the ALJ found that Plaintiff retained the capacity to perform available work and, accordingly, was not disabled within the meaning of the Social Security Act [Tr. 31 - 40]. The Appeals Council of the Social Security Administration declined Plaintiff's request for review [Tr. 1 - 4], and Plaintiff subsequently sought review of the Commissioner's final decision in this court.

**Standard of Review**

This court is limited in its review of the Commissioner's final decision to a determination of whether the Commissioner's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citations and quotations omitted). Nonetheless, while this court can neither reweigh the evidence nor substitute its own judgment for that of the Commissioner, the court's review is not superficial. "To find that the [Commissioner's] decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." *Bernal v. Bowen,* 851 F.2d 297, 299 (10th Cir. 1988) (citation omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* at 299.

2

**Determination of Disability**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.§§423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §404.1520(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-752 (10th Cir. 1988) (describing five steps in detail). Under this sequential procedure, Plaintiff bears the initial burden of proving that she has one or more severe impairments. 20 C.F.R. § 404.1512; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). Then, if Plaintiff makes a prima facie showing that she can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show that Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Turner*, 754 F.2d at 328; *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984).

**Plaintiff's Claims of Error**

Plaintiff maintains that "the Secretary erred in failing to discuss the record testimony of the vocational expert at Step 5 and erroneously relying solely upon the "grids" for his finding of nondisability."[2] [Doc. No. 14, p. 6].

**Analysis**

---

[2]Unless otherwise indicated, quotations in this report are reproduced verbatim.

The ALJ determined that Plaintiff – who was forty-two years old on the date she was last insured for benefits and who had at least a high school education [Tr. 39] – was severely impaired as a result of being status post lumbar surgery times two [Tr. 33]. Following his review of the objective and opinion evidence of record and his assessment of Plaintiff's credibility, the ALJ concluded that Plaintiff "had the residual functional capacity[3] to occasionally lift and/or carry 10 pounds, frequently lift and/or carry up to 10 pounds, stand and/or walk at least 2 hours out of an 8-hour workday and sit for at least 6 hours out of an 8-hour workday." [Tr. 34]. In other words, the ALJ determined that, despite her severe impairment, Plaintiff retained the ability to perform the full range of sedentary work [Tr. 39]. *See* 20 C.F.R. § 404.1567(a).

With regard to the credibility of Plaintiff's claim that she suffered from disabling pain as a result of her impairment, the ALJ's findings included the following:[4]

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

* * *

---

[3]Residual functional capacity ("RFC") "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

[4]The ALJ's assessment of Plaintiff's credibility was both extensive and well-supported and has not been challenged by Plaintiff on judicial review [Tr. 34 - 38 and Doc. Nos. 14 and 17 ]; the quoted findings are only a portion of that assessment.

4

> Regarding the claimant's allegations of totally disabling pain, her testimony was evaluated and compared with prior statements and other evidence. The pain experienced by the claimant is limiting but, when compared with the total evidence, it is not severe enough to preclude all types of work.
>
> * * *
>
> The Administrative Law Judge does not discount all of the claimant's complaints; however, the evidence demonstrates that even though the claimant does have medically determinable impairments, none are severe enough to prevent the claimant from participating in substantial gainful activity, given the residual functional capacity set forth above. Given the objective medical evidence in the record, the Administrative Law Judge finds that the claimant's residual functional capacity is reasonable, and that the claimant could function within those limitations without experiencing significant exacerbation of her symptoms.

[Tr. 35, 37, and 38]. Thus, the ALJ explicitly found that the pain Plaintiff suffered as a result of her impairment did not limit her ability to perform a full range of sedentary work.

Then, at the fifth and final step of the sequential process, the ALJ determined as follows:

> Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).
>
> In determining whether a successful adjustment to other work can be made, the undersigned must consider the claimant's residual functional capacity, age, education, and work experience in conjunction with the Medical-Vocational Guidelines, 20 CFR Part 404, Subpart P, Appendix 2. If the claimant can perform all or substantially all of the exertional demands at a given level of exertion, the medical-vocational rules direct a conclusion of either "disabled" or "not disabled" depending upon the claimant's specific vocational profile (SSR 83-11). When the claimant cannot perform substantially all of the exertional demands of work at a given level of exertion and/or has nonexertional limitations, the medical-vocational rules are used as a framework for decisionmaking unless there is a rule that directs a conclusion

5

> of "disabled" without considering the additional exertional and/or nonexertional limitations (SSRs 83-12 and 83-14). If the claimant has solely nonexertional limitations, section 204.00 in the Medical-Vocational Guidelines provides a framework for decisionmaking (SSR 85-15).
>
> Based on a residual functional capacity of the full range of sedentary work, the undersigned concludes that, through the date last insured, considering the claimant's age, education, and work experience, a finding of "not disabled" is directed by Medical-Vocational Rule 201.21.

[Tr. 39, bolding omitted]. Accordingly, without relying on vocational testimony, the ALJ applied a Medical-Vocational rule to find that Plaintiff was not disabled at the sedentary exertional level. On judicial review, Plaintiff maintains that her pain limitations prohibited the ALJ from so doing as a matter of law [Doc. No. 14, pp. 10 - 12].

The Commissioner promulgated the Medical-Vocational Guidelines – the so-called "grids" – to assist with the burden at step five of the sequential process. *See* 20 C.F.R. Pt. 404, Subpt. P, App.2. "The grids are matrices of the 'four factors identified by Congress – physical ability, age, education, and work experience – and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy.'" *Daniels v. Apfel,* 154 F.3d 1129, 1132 (10th Cir. 1998) (quoting *Heckler v. Campbell,* 461 U.S. 458, 461-62 (1983). "The grids should not be applied conclusively in a particular case unless the claimant [can] perform the full range of work required of that RFC category on a daily basis and unless the claimant possesses the physical capacities to perform most of the jobs in that range," *Thompson v. Sullivan,* 987 F.2d 1482, 1488 (10th Cir. 1993) (quotation and alteration omitted). Nonetheless, although the presence of nonexertional impairments such as pain can make conclusive reliance on the grids

6

inappropriate, the "mere presence of a nonexertional impairment does not preclude reliance on the grids." *Id.* The nonexertional impairment "must interfere with the ability to work." *Id.*

Here, the ALJ found that Plaintiff's impairment could cause her pain and limit her to some extent [Tr. 37]. He also concluded, however, that her limitations were not as severe as she maintained and did not prevent her from performing work at the sedentary exertional level. *Id.* and 35. "To preclude application of the grids, the pain would have to limit [claimant's] ability to perform a full range of sedentary work." *Spaulding v. Astrue,* 379 Fed. Appx. 776, 779 (10th Cir. 2010) (citing *Glass v. Shalala,* 43 F.3d 1392, 1396 (10th Cir. 1994). Plaintiff has not leveled *any* challenge to the ALJ's credibility assessment and his RFC determination for a full range of sedentary work, and her claim of a nonexertional pain limitation does not, as she argues, automatically preclude application of the grids. The ALJ's findings made his reliance on Rule 201.21 of the grids appropriate in this case, and Plaintiff has failed to establish error in this regard.

Plaintiff also claims that the ALJ ignored the testimony of the vocational expert in making his finding at step five [Doc. No. 14, p. 9]. The ALJ asked the vocational expert to consider an individual who could not complete a work day or work week; the expert testified that such all work would be eliminated for such an individual [Tr. 54 - 55]. No error was committed by the ALJ in failing to reference this testimony. The hypothetical posed to the vocational expert was not limited to the impairments that were ultimately accepted as true

7

by the ALJ and, accordingly, the opinion was not binding. *See Talley v. Sullivan,* 908 F.2d 585, 588 (10th Cir. 1990). Plaintiff's claim of error is unavailing.

### **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the foregoing reasons, the undersigned recommends that the Commissioner's decision be affirmed. The parties are advised of their right to object to this Report and Recommendation by January 19, 2011, in accordance with 28 U.S.C. §636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 30th day of December, 2010.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE