# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

SHELLEY L. FREEMAN, )
         )
    Plaintiff, )
         )
vs. ) Case No. CIV-10-0349-F
         )
MICHAEL J. ASTRUE, Commissioner, )
Social Security Administration, )
         )
    Defendant. )

## ORDER

The Report and Recommendation of Magistrate Judge Bana Roberts (doc. no. 19), and plaintiff's objections to the Report (doc. no. 20), are before the court. Pursuant to 28 U.S.C. § 636(b)(1), the court reviews the Report and conducts *de novo* review of all objected to portions of the Report.

### Discussion

Plaintiff Shelley L. Freeman brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of Defendant Commissioner's final decision denying her application for disability insurance benefits under the Social Security Act. The Magistrate Judge's Report affirms the decision of the Commissioner denying benefits. Plaintiff makes two objections to the Report. (1) She contends the administrative law judge failed to discuss the record testimony of the vocational expert at step five of the analysis. (2) She also contends the ALJ erroneously relied solely on "the grids" for his finding of non-disability.[1]

---

[1] The grids contain tables of rules which direct a determination of disabled or not disabled on the basis of a claimant's residual functional capacity, age, education, and work experience.

(1.)

As to the first objection, the court finds no error in the ALJ's failure to reference, at step five, the vocational expert's testimony. As stated in the Report, the hypothetical posed to the expert was not limited to the impairments that were ultimately accepted as true by the ALJ. Accordingly, the expert's opinion was not binding. Although plaintiff contends in her second objection to the Report that the ALJ was prohibited from placing conclusive reliance on the grids and should have considered vocational expert testimony at step five, the court rejects plaintiff's contention in that regard as well, for the reasons explained below. The court rejects plaintiff's first objection to the Report.

(2).

In her second objection to the Report plaintiff argues that the result in Spaulding v. Astrue, 379 Fed. Appx. 776 (10th Cir. 2010), an unpublished case cited in the Report, requires reversal of the decision of the Commissioner or, at a minimum, a remand for further consideration and development of the record.

Spaulding remanded so that the ALJ could consider and discuss a doctor's diagnosis of Mr. Spaulding's hand limitations and its effect on Mr. Spaulding's residual functional capacity. Id. at 780. The court stated that "[i]n the event the ALJ finds, based on Dr. Williams' report or other evidence, that Spaulding's hand limitations significantly affect his RFC, [the ALJ] should not rely upon the grids to find Spaulding disabled. Instead, the ALJ should obtain testimony from a [vocational expert] to determine the effect of these limitations on Spaulding's ability to perform work within the national economy." Id. Plaintiff argues for the same result here.

Spaulding, however, is distinguishable in several respects.

First, in Spaulding, the doctor, a consultative examiner, had seen Mr. Spaulding and had diagnosed diabetic neuropathy which the doctor concluded caused "stocking/gloves loss of sensory modalities." *Id*. at 779. The doctor also opined that Mr. Spaulding had physical symptoms consistent with carpal tunnel syndrome. *Id*. Mr. Spaulding's left hand had weakened grip strength with a reduced ability to manipulate small objects and tools as evidenced during the exam. *Id*.

By contrast, here, the medical evidence regarding plaintiff's limitations with respect to the use of her hands is more subjective. The evidence consists primarily of the plaintiff's own assertions. Even when the difficulty with her hands is referenced by others, these references often indicate that the limitations are as stated by, or as alleged by, the plaintiff. *See*, *e.g.*, Administrative Record (A.R.) at 429, 584.

Second, in Spaulding, despite the medical diagnosis, the ALJ's decision did not mention plaintiff's manipulative limitations. Moreover, the ALJ did not give any reasons why these limitations would not affect Spaulding's ability to perform a substantial number of sedentary jobs. *Id*. This was so despite the fact that the grids should not be applied conclusively in a particular case unless the claimant can perform the full range of work required of that RFC category and unless the claimant possesses the physical capacities to perform most of the jobs in that range. *Id*. at 778, quoting Thompson v Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993). Reasoning that the unmentioned medical evidence could have impacted the ALJ's findings regarding Ms. Spaulding's ability to perform a full range of work, the circuit remanded for findings on that question. *Id*. at 780. Spaulding makes clear, however, that resort to a vocational expert is only necessary when the claimant has nonexertional limitations, such as pain or manipulative or postural limitations, that prevent him from performing the full range of work within a classification." *Id*., citing Thompson, *supra*, 987 F.2d at 1488.

Unlike the ALJ in Spaulding, the ALJ in this matter did refer to, and did consider, the evidence regarding plaintiff's hand limitations (and her pain)[2] before reaching his determination that plaintiff had a residual functional capacity for the full range of sedentary work.

For example, the ALJ describes plaintiff's testimony that "her neck feels like it burns all the time and goes down into the arms and hands." A.R. 35. The ALJ's decision also states: "She testified that she cannot 'hang onto nothing' and her hands hurt every morning, making it hard to write. She testified that her hands just don't want to work right." A.R. 35.

Furthermore, the ALJ noted that in determining the credibility of the claimant's statements, he must consider the entire record, including objective medical evidence and the individual's own statements about symptoms. A.R. 34. He noted that even where not substantiated by objective medical evidence, a plaintiff's statements about the intensity and persistence of pain or other symptoms, or about the effect the symptoms have on his ability to work, may not be disregarded. A.R. 34.

The ALJ then stated that the claimant's statements "concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." A.R. 35. The ALJ explained why plaintiff's statements "about her impairments and their impact on her ability to perform activities of daily living and basic functions are not entirely credible in light of discrepancies between the claimant's alleged symptoms, and objective documentation in the file." A.R. 37. In that regard, the ALJ detailed the evidence regarding plaintiff's ability to care for her own personal needs, to prepare

---

[2]This order focuses on the evidence regarding plaintiff's problems with her hands because the objections to the Report do the same. The objection, however, also raises the presence of pain as a non-exertional impairment. Accordingly, the court has also reviewed the Report's findings in that regard *de novo*, and finds no error.

small meals, to start dinner for her family, to do some cleaning in the home and do laundry with help, to drive occasionally, to shop for groceries at times, and to engage in activities such as reading and playing on the computer. A.R. 37.

The ALJ noted that a state Disability Determination Service medical consultant had reviewed the medical evidence and found "the claimant had the residual functional capacity to lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk about 6 hours out of an 8-hour workday, sit for about 6 hours out of an 8-hour workday, and pushing and/or pulling abilities included operation of hand and/or foot controls, was unlimited, other than the amount for lifting." A.R. 36. The medical consultant reported that the claimant had full range of motion of all of her joints. A.R. 36, 584.

In sum, based on a full review of the objective and opinion evidence as well as his assessment of plaintiff's credibility, the ALJ in this matter concluded that plaintiff had the residual functional capacity for the full range of sedentary work. A.R. 39. Sole reliance on the grids is only precluded "[w]here a claimant suffers impairments causing a combination of exertional and nonexertional limitations that prevent [the claimant] from performing the full range of work at a given exertional level." *Id*. at 778. Accordingly, the ALJ concluded under the grids, as he was entitled to do in these circumstances, that the plaintiff was not entitled to disability benefits.

After review, the court finds no error in the Report, under <u>Spaulding</u> or otherwise. Acting through the ALJ, the Commissioner's fact-findings are supported by substantial evidence in the record and the correct legal standards were applied.

<u>Ruling</u>

The Report and Recommendation of Magistrate Judge Roberts is **ACCEPTED**, **ADOPTED** and **AFFIRMED** for the reasons stated in the Report as elaborated upon

in this order. The decision of the Commissioner of the Social Security Administration is **AFFIRMED**.

Dated this 1st day of February, 2011.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

10-0349p002.wpd